884 P.2d 191

Jerry P. HENSON, Plaintiff/Appellant,

v.

**TRIUMPH TRUCKING, INC.,**
**Defendant/Appellee.**

No. 2 CA–CV 93–0198.

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 10, 1994.

Review Denied Nov. 29, 1994.

---

Haralson, Kinerk & Morey by Carter Morey and Gregory G. Wasley, Tucson, for plaintiff/appellant.

Chandler, Tullar, Udall & Redhair by D.B. Udall, Kurt Kroese and Christopher J. Smith, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Late at night on August 27, 1989, plaintiff Jerry Henson was seriously injured when the Greyhound bus he was driving rear-ended a slow-moving tractor flatbed trailer truck owned by defendant Triumph Trucking, Inc. Henson argued that the primary cause of the accident was the negligence of Triumph's driver in driving so slowly in an area where nothing prevented driving at normal speed. Triumph, on the other hand, contended that the primary cause of the accident was Henson's inattentiveness. In addition to pointing out that nothing prevented Henson from seeing the slow-moving truck, Triumph also introduced the testimony of a passenger in the bus that Henson appeared to be falling asleep shortly before the accident. This drowsiness Triumph attributed to Henson's use sixteen hours before of the drug Xanax, an anti-anxiety medication with a side effect of drowsiness. Not content with proving that Henson used the drug, and perhaps used more than he said he did, Triumph sought to bolster this evidence by proving, over objection, Henson's misuse of Xanax and of other prescription medications from two to eight years before this accident. Because we believe the admission of that evidence to be erroneous, we reverse the judgment in favor of defendant.

The theory on which the evidence was offered and admitted was that because Henson had misused prescription drugs in the past, he was probably presently misusing Xanax. That misuse, it was argued, would take the form of using more Xanax than the half-milligram he admitted resulting in more medication being in Henson's system to cause drowsiness at the time of the accident. This use of the evidence is forbidden by Rule 404(a), Ariz.R.Evid., 17A A.R.S. It provides that "[e]vidence of a person's character or a trait of character is not admissible for the

purpose of proving action in conformity therewith on a particular occasion." The effort to prove drug misuse on August 27, 1989, by drug misuse in 1980, 1982, 1985, and 1988 falls squarely afoul of this rule. The error is, on the facts of this case, certainly prejudicial both because it probably tipped the scales in defendant's favor on otherwise relatively even testimony about the effect of Xanax at the time of the accident and because a history of drug misuse necessarily invites the trier of fact to decide the case on factors other than those directly related to the accident. See generally M. Udall, J. Livermore, P. Escher, G. McIlvain, Arizona Practice: Law of Evidence § 83 (3d ed. 1991).

 Triumph seeks to avoid this result by contending that Henson's drug history was admissible under Rule 703 as a basis of its expert's opinion that more Xanax was used on August 27 than Henson admitted. While it is incontestable that physicians reasonably rely on clinical history in reaching conclusions, we believe that permitting character evidence to support an expert opinion of what happened on a particular occasion is improper for at least two reasons. First, expertise is not essential for the trier to understand the simple proposition that if a person has done something often before, it is more likely that it will have been done again. If triers are to be permitted to draw such conclusions, they can do so directly without the intervening aid of the expert. Second, if an expert can in effect "launder" character evidence, thus rendering what had been inadmissible admissible, the rule excluding character evidence will have been effectively eliminated. We do not find edifying the proposition that character evidence is inadmissible unless an expert relies on the evidence in forming an opinion in a way that we forbid the trier from relying directly.

Triumph also argues that Henson's drug misuse history is relevant to credibility. Under Rule 608(a), it is only if it has resulted in a bad character trait for truthfulness as evidenced by reputation or opinion evidence to that effect. No such evidence was offered here. Nor was it contended that misuse of prescription drugs was a specific instance of conduct probative of credibility under Rule 608(b). Had it been, of course, inquiry of Henson might have been permitted. In no circumstances would extrinsic evidence have been permitted to prove the conduct. *State v. Riley,* 141 Ariz. 15, 684 P.2d 896 (App. 1984); McCormick on Evidence § 41 (4th ed. 1992).

Reversed.

LACAGNINA and FERNANDEZ, JJ., concur.